John C. Staulo
220 Woodward St.
Newton, MA 02468
Phone: (617) 913-4560
Email: dollys1@msn.com

FILED
IN CLERKS OFFICE

2012 MAY 23  P 2: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT

| | |
|---|---|
| JOHN C. STAULO<br>PLAINTIFF,<br><br>VS.<br><br>PNC MORTGAGE<br>DEFENDANT | CASE # _____<br><br><br>COMPLAINT |

Comes now John C. Staulo hereinafter referred to as "Plaintiff," and moves the court for relief as herein requested:

### PARTIES

Plaintiff in the instant cause is John C. Staulo, hereinafter referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at 220 Woodward St., Newton, MA 02468, and may be reached by phone at (617) 913-4560, or by email at dollys1@msn.com.

Defendant is, PNC Mortgage, and can be contacted at P.O. Box 1820, Dayton, OH, 45401.

### JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331and § 1332 placing the District Court in the position of Jurisdiction over:

  A. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " 15 U.S.C. 1692;" questions and claims of violation of Constitutionally protected Fundamental Rights;

  B. violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

The amount in controversy exceeds $75,000.00.

This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

Venue is properly laid in the Federal Court of the United States in the Judicial District, pursuant to 28 U.S.C. § 1391(c).

Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

A. Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241;

B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

## STATEMENT OF FACTS

Plaintiff states as a fact that Defendant, on or about Friday, December 16, 2011 caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the agent for the holder of the note or the true holder of the note.

Defendant made demand on Plaintiff for payment of an alleged debt in the amount of $5,482.34. Defendant, by preparing and sending the above referenced communication claimed authority to collect said debt. Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiff. Defendant claimed authority to exercise the provisions of said lien document for the purposes of collecting the above alleged debt.

> Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]
> As used in this title -- (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Plaintiff does not admit to entering into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the property.

Plaintiff does not admit to the creation of a document creating a lien against Plaintiff's real property to the benefit of Defendant.

Plaintiff, prior to the above referenced payment demand, sent a letter of inquiry to Defendant under the provisions of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Uniform Commercial Code. Said letter was sent to Defendant on Friday, October 21, 2011 in the form of a Qualified Written Request. This requested validation of the fees charged to Plaintiff at closing on the note as Plaintiff had reason to believe that certain, if not all said fees were non-recoverable costs attributable to the lender. They were intended to be recovered as part of the interest charged, and not added to the principal with interest charged on them for the full term of the note. Plaintiff also requested validation of the debt as contemplated by the Fair Debt Collection Practices Act at 15 U.S.C. 1692g. Plaintiff also requested production of the original note as contemplated by Uniform Commercial Code 3-501.

Defendant has yet to properly respond to Plaintiff's qualified written request, debt validation letter or Plaintiff's demand under the Uniform Commercial Code. Defendant's response to Plaintiff's letter was to send an overshadowing threat dated on the 16th of November, 2011. Said letter made threats against Plaintiff in order to prevent Plaintiff from exercising Plaintiff's rights under the various consumer protection laws. Defendant made threats of assessing unlawful charges against Plaintiff in punitive retribution for making lawful requests of Defendant. Said act constitutes a civil rights violation against Plaintiff. Therefore, Defendant, by failing to comply with the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, under the provisions of the above referenced consumer protection laws, Defendant is without capacity to continue collection activities as Defendant is subject to statutory estoppel from further collections attempts as a matter of law and Plaintiff is authorized to cease all payments until the above laws have been complied with.

## FACTUAL ACCUSATION

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged."
(Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)

### *VALIDATION OF DEBT REQUIRED*

Defendant made a presentment to Plaintiff.

§ 3-501. PRESENTMENT.
(a) "**Presentment**" means a demand made by or on behalf of a <u>person entitled to enforce</u> an <u>instrument</u> (i) to pay the instrument made to the <u>drawee</u> or a <u>party</u> obliged to pay the

instrument or, in the case of a <u>note</u> or accepted <u>draft</u> payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.

> § 3-501. PRESENTMENT
> (b)(2) Upon demand of the person to whom <u>presentment</u> is made, the person making presentment must (i) exhibit the <u>instrument</u>, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

> In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. ? See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); ?Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997). ?"This assumes that the debtor is uninformed, naive, or trusting[.]" ?Veach, 316 F.3d at 693 (internal quotations omitted). ? However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." ?Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir.2000). see Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004

In as much as Defendant's dunning letter failed to provide validation of the alleged debt, Plaintiff may not, in good faith, respond with payment. In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

> § 3-602. PAYMENT.
> (a) Subject to subsection (b), an <u>instrument</u> is paid to the extent payment is made (i) by or on behalf of a <u>party</u> obliged to pay the instrument, and (ii) **to a <u>person entitled to enforce</u> the instrument**. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section <u>3-306</u> by another person.
> (b) The obligation of a <u>party</u> to pay the <u>instrument</u> is not discharged under subsection (a) if:
> (1) a claim to the <u>instrument</u> under Section <u>3-306</u> is enforceable against the <u>party</u> receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a <u>cashier's check</u>, <u>teller's check</u>, or <u>certified check</u>, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the <u>person entitled to enforce</u> the instrument; or

(2) the person making payment knows that the <u>instrument</u> is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt. Even if a debt did exist, Plaintiff would not execute payment if Plaintiff tendered payment to a person or entity not properly authorized to take payment.

§ 3-603. TENDER OF PAYMENT.
(a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
(b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party</u> having a right of recourse with respect to the obligation to which the tender relates.
(c) If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

Plaintiff has properly stated a claim against Defendant as Plaintiff alleged who, defendant; what, made presentment to Plaintiff without establishing authority to make said claim; when, on date of dunning letter referenced above; where, within the jurisdiction and venue of this court. Plaintiff herein pleads that defendant intended that Plaintiff act on the defendant's presentment, that Plaintiff believed defendant intended to take action if Plaintiff did not submit to defendant's demands, and Plaintiff was subjected to a civil rights violation as a proximate result of Defendant's failure to abide by standing law.

## *FDCPA*

Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a). The FDCPA protects consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

Defendant, in the instant case, is not a party Plaintiff knowingly entered into a contract with. Defendant claims to hold agency or standing as a trustee or assignee of a debt. The

allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage agreement.

An assignee or substitute trustee, it is a debt collector within the meaning of §§ 1692d, 1692e or 1692g4 of the FDCPA. More specifically, the argument that pursuant to the terms of § 1692a(6), assignees or substitute trustees are only liable under § 1692f(6). Section 1692a(6) states, in relevant part, that for the purpose of section 1692f(6) of this title, the term "debt collector" also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. Based on this language, any argument that assignees or substitute trustees are exempt from liability under all provisions of the FDCPA *except* § 1692f(6) fail as a matter of law.

Plaintiff alleges that a mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it constitutes an obligation to pay money that arose out of a transaction in which the property was primarily for personal, family or household purposes. Plaintiff also asserts that, even if Defendant is unquestionably an assignee or substitute trustee, that fact does not preclude it from being held liable as a debt collector. *Piper*, 396 F.3d at 232 (applying the FDCPA to debts secured by real property); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) (holding that "a foreclosure is a method of collecting a debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") *with Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property and attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

Plaintiff directs the court to consider the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006). The plaintiff in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the plaintiff's property. The defendant initiated foreclosure proceedings on the plaintiff's property and sent her a notice that provided information regarding the creditor and the amount of the debt owed. *Id.* The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" *Id.* Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would

create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect that debt." *Id.* at 376 (citing *Piper*, 396 F.2d at 234; *Romea*, 163 F.3d at 116; *Shapiro*, 823 P.2d at 124). The *Wilson* court went on to explain:

> Section 1692a(6) applies to those whose only role in the debt collection process is the enforcement of a security interest. See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." See Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts."). 443 F.3d at 378 (emphasis in original).

Even if Defendant herein alleges to be acting as an assignee or substitute trustee to enforce a Deed of Trust Note, nevertheless, in initiating collection proceedings, Defendant undertook the role of debt collector and communicated with the Plaintiff in a manner regulated by the FDCPA. *See Wilson*, 443 F.3d at 376-78. Adopting a position that entities acting as assignees or substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to protect consumers from unfair collection practices). Accordingly, Plaintiff has alleged sufficient facts to support the claim that, for the purposes of the actions described in the complaint, the Defendant is attempting to collect a "debt" and Defendant was acting as a "debt collector."

### NO ISSUE OF ACTUAL DEBT BEFORE THE COURT

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

## *AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, __ U.S. __, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975) (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

## *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's

agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the [*239] declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [\*\*\*5] is [\*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. Sax v. Davis, 81 Iowa 692 (Iowa 1891)

### *CHALLENGE TO STANDING OF ALLEGED PRINCIPAL*

Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question. With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts. (see Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiffs challenge Defendant's authority, both as to actual authority and as to apparent authority. Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiff demands that Defendant establish the entire chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

Defendant now has the burden to prove agency. See Schulz, etc., supra. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligent demands for payment for which Defendant had no authority to make. Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligent demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to $686,386.80.

Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

## PLAINTIFF DEMANDS STRICT VERIFIED PROOF

Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

A. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

B. that Defendant is the singular and true holder of said debt instrument; Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership

of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## CAUSES OF ACTION

### *FDCPA – 1ST CAUSE OF ACTION*

Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated Friday, December 16, 2011 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona fide holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e). Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e. By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Plaintiff acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

### *FDCPA – 2ND CAUSE OF ACTION*

Defendants "Bill" meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiff stated to "balance due" and "account paid in full which overshadows the consumer warning on the document. 1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S USDC FOR THE WESTERN DISTRICT OF WISCONSIN.

## NEGLIGENCE – 3RD CAUSE OF ACTION

Defendant, on Friday, December 16, 2011 caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff pay United States Money in the amount of $5,482.34. The letter was in the form of a monthly payment. Defendant acted to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant knew, or should have known that said demand was made without standing or capacity on the part of Defendant. Defendant intended that Plaintiff accept the representation of Defendant as true. Plaintiff believed Defendant and was harmed thereby.

Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which results in the civil tort alleged here under the cause of action of common law fraud and/or negligence or fraud and/or negligence per se.

## STIPULATION SUBJECT TO DISCOVERY

In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's standing and file an amended complaint, without requiring Defendant to prepare an answer to the current complaint, if Defendant provides proof of said standing as demanded above.

## JURY DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1. For quiet title to Property against claims by Defendant;
2. For disgorgement of all amounts wrongfully acquired by Defendant according to proof at trial;
3. For $2,000.00 for each violation of the Fair Debt Collection Practices Act as proved up at trial;

4. For three times the amount Defendant intended to defraud Plaintiff of. A sum equal to $16,447.02 at present, to be adjusted as needed;

5. For pain and suffering due to extreme mental anguish in an amount to be determined at trial;

6. For pre-judgment and post-judgment interest according to proof at trial;

7. For attorney's fees and costs as provided by statute; and,

8. For such other relief as the Court deems just and proper.

**Respectfully,**

*John C. Staulo*

John C. Staulo

## VERIFICATION

I, John C. Staulo do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*John C. Staulo* (signature)

John C. Staulo
220 Woodward St.
Newton, MA 02468

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____                    Commission Expires
NOTARY PUBLIC IN AND FOR                     Notary Seal    3\9\2018
THE STATE OF MASSACHUSETTS



## CERTIFICATE OF SERVICE

I hereby, John C. Staulo certify that a true and correct copy of above and foregoing has been delivered to PNC Mortgage, P.O. Box 1820, Dayton, OH 45401, on this the ___ day of _____ 2012, by certified mail (Certified Mail Receipt # _____ _____ _____ _____ _____), in accordance with the rules governing same.

_____
**John C. Staulo
220 Woodward St.
Newton, MA 02468**